FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jan 18, 2023
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Harrison Division

In the Matter of the Search of )
Property located at )
900 Daline Street ) Case No. 5:23cm0002-CDC
Springdale, Arkansas 72762 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: **Property located at 900 Daline Street Springdale, Arkansas 72762, more particularly described on "Attachment A".**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: **See "Attachment B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

■ evidence of a crime;

■ contraband, fruits of crime, or other items illegally possessed;

■ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(1) | Transportation of Child Pornography |
| 18 U.S.C. § 2252A(a)(2) | Receipt/Distribution of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts: **See Affidavit of HSI Special Agent William DeVito**

■ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*William DeVito*
Applicant's signature

William DeVito, HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 1/18/2023

*Christy Comstock*
Judge's signature

City and state: Fayetteville, Arkansas

Christy D. Comstock, United States Magistrate Judge
Printed name and title

## Affidavit in Support of Application for Search Warrant

I, William DeVito, being duly sworn, depose and state as follows:

1.     I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), currently assigned to the Resident Agent in Charge Office in Fayetteville, Arkansas. I have been so employed with HSI since July, 2011. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, online enticement, transportation, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2251A, 2422(b), 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have also participated in the execution of numerous search warrants and arrest warrants, several which involved child exploitation and/or child pornography offenses. This affidavit is being submitted based on information from my own investigative efforts as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

2.     This affidavit is being submitted in support of an application for a search warrant for the premises located at **900 Daline Street, Springdale, Arkansas 72762,** the "SUBJECT PREMISES". As such, it does not include all of the information known to me as part of this investigation, but only information sufficient to establish probable cause for the requested search warrant.

## Statutory Authority

3. This investigation concerns alleged violations of Title 18, United States Code, Sections 2252 and 2252A, relating to material involving the sexual exploitation of minors, which has been defined in Title 18 U.S.C. 2256, as an individual under 18 years of age.

    a. Under 18 U.S.C. Section 2252(a)(1) (transportation), 2252(a)(2) (receipt and distribution), and 2252(a)(4)(B) and 2252A(a)(5)(B) (possession), it is a federal crime for any person to transport, distribute, receive, and possess child pornography, as that term is defined by federal law. Further under 18 U.S.C. Section 2253(a)(3), a person who is convicted of an offense under 18 U.S.C. Section 2252 or 2252A, shall forfeit to the United States such person's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

## Computers and Child Pornography

4. Based upon my knowledge, training, and experience in child exploitation and child pornography investigations, and the experience and training of other law enforcement officers with whom I have had discussions, I know that computers and computer technology have revolutionized the way in which child pornography is produced, distributed and utilized. Prior to the advent of computers and the Internet, child pornography was produced using cameras and film, resulting in either still photographs or movies. The photographs required darkroom facilities and a significant amount of skill in order to develop ad reproduce the images. As a result, there were definable costs involved with the production of pornographic images. To distribute these images on any scale also required significant resources. The photographs themselves were somewhat bulky and required secure storage to prevent exposure to the public.

The distribution of these wares was accomplished through a combination of personal contacts, mailings, and telephone calls, and compensation for these wares would follow the same paths. More recently, through the use of computers and the Internet, distributors of child pornography use membership-base/subscription-based websites to conduct business, allowing them to remain relatively anonymous.

5. In addition, based upon my own knowledge, training, and experience in child exploitation and child pornography investigations, and the experience and training of other law enforcement officers with whom I have had discussions, I know that the development of computers has also revolutionized the way in which those who seek out child pornography are able to obtain this material. Computers serve four basic functions in connection with child pornography: production, communication, distribution, and storage. More specifically, the development of computers has changed the methods used by those who seek to obtain access to child pornography in these ways:

6. Producers of child pornography can now produce both still and moving images directly from a common video or digital camera. The camera is attached, using a device such as a cable, or digital images are often uploaded from the camera's memory card, directly to the computer. Images can then be stored, manipulated, transferred, or printed directly from the computer. Images can be edited in ways similar to how a photograph may be altered. Images can be lightened, darkened, cropped, or otherwise manipulated. The producers of child pornography can also use a device known as a scanner to transfer photographs into a computer-readable format. As a result of this technology, it is relatively inexpensive and technically easy to produce, store, and distribute child pornography. In addition, there is an added benefit to the

pornographer in that this method of production does not leave as large a trail for law enforcement to follow.

7. The Internet allows any computer to connect to another computer. By connecting to a host computer, electronic contact can be made to literally millions of computers around the world. A host computer is one that is attached to a network and serves many users. Host computers are sometimes operated by commercial Internet Service Providers (ISPs), such as America Online ("AOL") and Microsoft, which allow subscribers to dial a local number and connect to a network which is, in turn, connected to the host systems. Host computers, including ISPs, allow e-mail service between subscribers and sometimes between their own subscribers and those of other networks. In addition, these service providers act as a gateway for their subscribers to the Internet or the World Wide Web.

8. The Internet allows users, while still maintaining anonymity, to easily locate (i) other individuals with similar interests in child pornography; and (ii0 websites that offer images of child pornography. Those who seek to obtain images or videos of child pornography can use standard Internet connections, such as those provided by business, universities, and government agencies, to communicate with each other and to distribute child pornography. These communication links allow contacts around the world as easily as calling next door. Additionally, these communications can be quick, relatively secure, and as anonymous ad desired. All of these advantages, which promote anonymity for both the distributor and recipient, are well known and are the foundation of transactions involving those who wish to gain access to child pornography over the Internet. Sometimes the only way to identify both parties and verify the transportation of child pornography over the Internet is to examine the

recipient's computer, including the Internet history and cache to look for "footprints" of the websites and images accessed by the recipient.

9. The computer's capability to store images in digital form makes it an ideal repository for child pornography. A single floppy disk can store dozens of images and hundreds of pages of text. The size of the electronic storage media (commonly referred to as a "hard drive") used in home computers has grown tremendously with the last several years. Hard drives with the capacity of 160 gigabytes are not uncommon. These drives can store thousands of images at very high resolution. Magnetic storage located in host computers adds another dimension to the equation. It is possible to use a video camera to capture an image, process that image in a computer with a video capture board, and save that image to storage in another country. Once this is done, there is no readily apparent evidence at the "scene of the crime." Only with careful laboratory examination of electronic storage devices is it possible to recreate the evidence trail.

10. It should be noted that Internet Protocol (IP) numbers are unique identifiers leased to internet customers by their ISP's. Although IP numbers are capable of changing over time, only one (1) unique IP number can be assigned to a given customer's computer at any given time. Logs of these leased IP's (and their assigned customer accounts) are stored by ISP's routinely.

11. Your Affiant knows from his own experience and the training and experience of other law enforcement officers that Internet computers identify each other by an Internet Protocol or IP address. These IP addresses can assist law enforcement in finding a particular computer on the Internet. These IP addresses can typically lead the law enforcement officer to a

particular Internet service company and that company can typically identify the account that uses the address to access the Internet.

## Background Regarding Gmail Accounts

12. Based on my knowledge and experience and information obtained from other law enforcement personnel with training and experience in this area, the following is known about Gmail accounts:

 a. Gmail is a free, advertising supported email service provided by Google. Users may access Gmail as secure webmail.

 b. Gmail initially started as an invitation-only beta release on April 1, 2004 and it became available to the public on February 7, 2007.

 c. Individual Gmail messages, including attachments, may be up-to 25 MB. Gmail has a search-oriented interface and a "conversation view" similar to an Internet Forum.

 d. Users can buy additional storage, shared among Gmail, Google Drive and Google+ Photos, through a monthly subscription plan. As of 2015, storage up to 15 GB is free, and paid plans are available for up to 30 TB for personal use.

 e. Google updated the Gmail inbox with tabs which allow the application to categorize the user's emails. The five tabs are: Primary, Social, Promotions, Updates and Forums. These tabs also appear in Gmail's mobile version.

 f. Gmail Mobile is a free service developed to provide access to Gmail from mobile devices. Gmail Mobile offers many of the features as Gmail delivered effectively to smaller, mobile screens.

  g.  In 2010, Google commenced its new social networking tool, Google Buzz, which integrated with Gmail allowing users to share links and media, as well as status updates with social media platforms.

## **PROBABLE CAUSE**

  13.  On or about January 4, 2022, your Affiant received Cyber Tip Line Report Number 108048867 reported by the National Center for Missing and Exploited Children (NCMEC) in reference to media files containing what was believed to be child pornography being uploaded onto the Google infrastructure.

  14.  The information on the suspected media containing child pornography was submitted to the Cyber Tip Line by Google on November 23, 2021. The incident information was categorized as being "Apparent Child Pornography" which was identified by Google representatives on all uploaded images and videos. A total of approximately (49) uploaded files of suspected child pornography were linked to the report.

  15.  Google provided the Cyber Tip Line 108048867 with the following information of the user being reported:

Incident Type: Child Pornography (possession, manufacture, and distribution)
Name: Jonathan Attaway
Phone: 4796853705
Email Address: jonattaway1214@gmail.com, attawaydavid5@gmail.com
Number of Uploaded Files: 49

16. Your Affiant viewed the files linked to the Cyber Tip Line Report 108048867 and determined them to in fact be child pornography. Two of the files are described as follows:

   (a) File Name: report_14718420395083429549.jpg

   This photo depicts what is believed to be a eight (8) to ten (10) year old minor female laying on her back with her arms above her head with her breasts and vagina exposed.

   (b) File Name: report_11945142862646411120.jpg

   This photo depicts what is believed to be a ten (10) to twelve (12) year old minor female laying down with her legs spread exposing her vagina, anus, and breasts.

17. NCMEC reported multiple IP addresses associated to the Cyber Tip; an internet search on the origins of IP address 167.224.141.89 found it to be issued to the internet service provider Ozarks Go. Documents received on or about January 17, 2022, from Ozarks Go in reference to IP address 167.224.141.89 identified the IP as being assigned to Noah Vondran at **900 Daline Street, Springdale, Arkansas 72762**, the SUBJECT PREMISES, through account number 318224002. Heather Maginnis is also listed on the account as an "additional name".

18. Your Affiant conducted Department of Homeland Security (DHS), law enforcement, and open source database queries which revealed the SUBJECT PREMISES is associated to ATTAWAY. Specifically, your affiant discovered the Attaway was on active state probation and being monitored by Arkansas Probation and Parole. On January 12, 2023, ATTAWAY's Probation Officer provided information that ATTAWAY is residing at the SUBJECT PREMISES and provided ATTAWAY's current cell phone is 479-685-3705, which is the same phone number provided in the account information linked to the Cyber Tip. ATTAWAY also advised he is living at the residence with a Heather Maginnis.

## **Conclusion**

19.   *Necessity of On-site and Off-site examinations of entire computers or storage media*. Based on my experience and the training and experience of other agents, many of the items sought in this affidavit may be stored electronically.  Based on my experience and consultation with computer forensic experts, I know that electronic files can be easily moved from computer or electronic storage medium to another computer or medium.  Therefore, electronic files downloaded to or created on one computer can be copied on or transferred to any other computer or storage medium at the same location.  In addition, based on my experience, I know that searching computerized information for evidence of crime often requires special agents to seize most or all of a computer system's central processing unit (CPU), input/output peripheral devices, related software, documentation, and data security devices, including passwords, so that a qualified computer expert can accurately retrieve the system's data in a laboratory or other controlled environment.  This is true because of the following:

(a) Volume of evidence:  Computer storage devices such as hard disks, diskettes, tapes and laser disks, can store the equivalent of thousands of pages of information.  This sorting process can take up to several months to complete, depending on the volume of data stored. Therefore, it would also be impractical to attempt this type of data search on site.

(b) Technical requirements:  Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment.  The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert is qualified to analyze the system and its data.  In any event, data search protocols are exacting

scientific procedures designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to inadvertent or intentional destruction (both from external sources and from destructive code embedded in the system such as a "booby trap"), a controlled environment is essential to its complete and accurate analysis.

20. Therefore, authorization is sought in this application to seize the items set forth in attachment "B" that are found on the premises to be searched, in order to examine those items for evidence. If it is determined that data has been seized that does not constitute evidence of the crimes detailed herein, the government will return said data within a reasonable time.

21. Based on my experience and the training and experience of other agents involved with this investigation, your affiant knows that individuals involved in the sexual exploitation of children through child pornography almost always keep copies of their sexual explicit material. Among the reasons copies are maintained is because child pornography is illegal to openly purchase, and the most common method of acquiring it is by trading with other people with similar interests. It is also known that due to the inherent illegality of these sexually explicit materials, they are most often kept in a place considered secure, usually a residence, to avoid detection by law enforcement.

22. Based on the foregoing information, probable cause exists to believe there is located at **900 Daline Street, Springdale, Arkansas 72762**, the SUBJECT PREMISES, evidence of violations of Title 18, United States Code, Section 2252, et seq. Your Affiant prays upon his honorable court to issue a search warrant for the SUBJECT PREMISES for the items set forth in attachment "B" (which is attached hereto and incorporated herein by reference), that

constitute evidence, fruits, and instrumentalities of violation of Title 18, United States Code, Section 2252, et seq.

*William DeVito*

William DeVito, Special Agent
Homeland Security Investigations

Affidavit subscribed and sworn to before me this __18th__ day of __January__ 2023.

*Christy Comstock*

Christy D. Comstock
United States Magistrate Judge